IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL W. JENKINS,

    Petitioner,

v.

BOARD OF PAROLE AND POST-
PRISON SUPERVISION,

    Respondent.

Civil No. 2:14-cv-00770-PA

OPINION AND ORDER

    ANTHONY D. BORNSTEIN
    Assistant Federal Public Defender
    101 SW Main Street
    Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    ELLEN F. ROSENBLUM
    Attorney General
    KRISTEN E. BOYD
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

PANNER, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court DENIES the Amended Petition for Writ of Habeas Corpus (#26).

## BACKGROUND

In July 1980, petitioner was convicted on two counts of Rape in the First Degree, and one count each of Kidnaping in the First Degree and Sodomy in the First Degree. The trial judge imposed a combined indeterminate prison term of 83 years. In September 1997, the Oregon Board of Parole and Post-Prison Supervision (the "Board") set petitioner's initial prison term at 246 months.

On September 8, 2010, the Board conducted a parole release exit-interview hearing. At the hearing, the petitioner was allowed to submit documents and make a statement to the Board. Board members also questioned Petitioner.

Following the hearing, the Board deferred petitioner's parole release date for 24 months based upon a conclusion that petitioner suffered from a present severe emotional disturbance. Petitioner sought administrative review, and the Board adhered to its earlier order.

Petitioner appealed the Board's decision to the Oregon Court of Appeals, but the court affirmed the Board's decision without opinion. *Jenkins v. Board of Parole and Post-Prison Supervision*,

2 - OPINION AND ORDER -

260 Or. App. 767, 320 P.3d 675 (2014). The Oregon Supreme Court denied review. *Jenkins v. Board of Parole and Post-Prison Supervision*, 355 Or. 317, 327 P.3d 1167 (2014).

On March 8, 2014, petitioner filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. On January 30, 2015, petitioner filed an amended petition alleging four grounds for relief:

> **Ground One:** The Board of Parole prejudice me by violating my rights to due process of and equal protection of law under the 14th Amendment of the United States Constitution and state and federal ex post facto clause.
> **Supporting Facts:** The board of parole deviated from the procedural applications of the rules, regulations, policy and procedures that was in effect during the commission of my crimes and by doing so they prejudice me in a since that deprived me of my schedule parole release date.
>
> **Ground Two:** The board of parole applied an amended statute promulgate in 1981. (ORS 144.125(3) instead of the statute that was in effect during the commission of my crimes, 1977. (ORS 125(3). [sic]
> **Supporting Facts:** The amended statute that was promulgated in 1981 added the element (that constitute the danger and safety of the community) which, allows the board of parole to conduct hearings under exit interview and allow the parole board to defer your schedule parole release date up to 24 months. When the policy and procedure that was in effect during the commission when my crimes was committed only allowed the board of parole to conduct a hearing through a disciplinary process that needed a recommendation from the superintendent of the institution and the assistance [sic] Director of the Department of Corrections before the board of parole could increase a inmates scheduled parole release date.

3 - OPINION AND ORDER -

**Ground Three**: Court of Appeals Case No. A150642 and Supreme Court case No. S062048 affirmed without opinion and deny review.
**Supporting Facts**: Appellate Commissioner, James W. Nass, in the Courtof Appeals, denied respondent's motion for summary affirmance, stating the board argues that, because petitioner has not challenged the board's PSED determination, Petitioner has not been prejudiced by the nature of the hearing at which that determination was made that appears to be incorrect. If the board lacked authority to make the PSED determination at that particular hearing presumably the Board lacked the authority to postpone petitioner's parole release date based on that determination. It follows that, if this court reversed and remanded, the board would be obligated to release petitioner's pursuant to petitioner's then-extant Parole release date. At least, the board has not argued otherwise. Therefore, if petitioner is correct regarding his interpretation of the board July 1978 rules, followed by the board, and the board is not entitled to summary affirmance for the reason stated in its motion. The motion for summary affirmance is denied.

Respondent argues petitioner failed to state a claim upon which habeas corpus relief may be granted in Grounds Two and Three, that petitioner procedurally defaulted the claims alleged in Grounds One and Three, and that to the extent petitioner did not procedurally default the claims alleged in Grounds One and Two, the state court decisions denying relief are entitled to deference. Finally, respondent argues petitioner received all the process due. In his counseled Brief in Support, petitioner addresses only one issue, his claim that the Board violated his right to due process in deferring his parole release date.

4 - OPINION AND ORDER -

## DISCUSSION

I. **Due Process Claim**

Petitioner contends the Board's denial of his release was arbitrary given his positive accomplishments, maturity and mental state, and exceedingly lengthy imprisonment. As such, petitioner argues, the Board's denial of parole violated his right to due process.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law under the AEDPA if it either fails to apply the correct Supreme Court authority or applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's

5 - OPINION AND ORDER -

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted).

Where state law creates a liberty interest in parole, the Supreme Court has held that "the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures." *Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859, 862 (2011). The procedures required to satisfy due process requirements in the parole context, however, are minimal, and include only an opportunity to be heard and provision of a statement of the reasons why the parole was denied. *Id.* (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). Further, "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly." *Id.* at 836 (emphasis supplied).

Here, assuming without deciding that Oregon law creates a liberty interest in parole and due process attaches to a parole hearing involving an entirely discretionary decision, petitioner received at least the minimal amount of required process: petitioner received notice of the exit interview hearing and had an opportunity to be heard, and the Board provided petitioner with

6 - OPINION AND ORDER -

a statement explaining the decision to defer his parole release for 24 months.

Petitioner's argument that the facts before the Board did not support the Board's ultimate decision to deny parole release is a substantive challenge to the Board's decision foreclosed by *Swarthout*. In the parole context, sufficiency of the evidence is not a protected due process right. *Watts v. Oregon Bd. of Parole and Post-Prison Supervision*, Case No. 6:13-cv-02010-HZ, 2014 WL 2894649, *2 n. 1 (D. Or., June 23, 2014). Instead, whether an inmate is given an opportunity to be heard and provided a statement of the reasons as to why his parole was denied is "the beginning and the end of the federal habeas courts' inquiry[.]" *Swarthout*, 131 S.Ct. at 862. Accordingly, petitioner is not entitled to habeas corpus relief.[1]

## II. Remaining Claims Not Addressed in Petitioner's Brief

As noted, in his Brief in Support petitioner does not address the remaining claims alleged in his amended petition. A petitioner seeking federal habeas relief bears the burden of

---

[1] Because the court finds petitioner is not entitled to relief on the merits of his due process claims, respondent's procedural default argument need not be addressed. *See Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (federal habeas court may bypass question of procedural default to deny claim on the merits); 28 U.S.C. § 2254(b)(2) ("[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state").

7 - OPINION AND ORDER -

showing the court he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005). Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." Upon a thorough review of the record, the court finds petitioner has not met his burden of showing he is entitled to habeas corpus relief under § 2254 on the remaining claims alleged in his amended petition.

## CONCLUSION

For these reasons, the Amended Petition for Writ of Habeas Corpus (#26) is DENIED and this action is DISMISSED.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **12** day of January, 2016.

_____
Owen M. Panner
United States District Judge

8 - OPINION AND ORDER -